PARLING *v.* MOTOR WHEEL CORPORATION.

1. WORKMEN'S COMPENSATION—FINDING OF FACT—EVIDENCE—SUPREME COURT.

    Finding of fact by the workmen's compensation commission that plaintiff was totally disabled from performing the skilled labor at which he was engaged when injured is binding upon the Supreme Court, where it is supported by competent testimony (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—TOTAL DISABILITY—FINDING OF COMMISSION.

    Where there was competent evidence to support workmen's compensation commission's finding that plaintiff was totally disabled from performing the skilled labor at which he was engaged when injured, compensation must be computed as for total disability (2 Comp. Laws 1929, § 8425, as amended by Act No. 245, Pub. Acts 1943).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am. Jur., Workmen's Compensation, §§ 530, 532.

[2, 3] 58 Am. Jur., Workmen's Compensation, §§ 282–285, 308–317.

[2, 3] Basis for computation of compensation in case of employees who have been intermittently but not continuously employed prior to the injury. 112 A L.R. 1094.

[2, 3] Injured employee's capital interest in business conducted or served by him after injury as affecting amount of his compensation under workmen's compensation act. 88 A.L.R. 633.

[2, 3] What amounts to total incapacity within workmen's compensation acts. 67 A.L R. 785, supplemented in 98 A.LR. 729.

[2, 3] Deduction for lost time in computing wages as basis for workmen's compensation. 82 A.L.R. 889.

[2, 3] Workmen's compensation: Right to compensation as affected by fact that injured employee earns, or is offered as much as, or more than, before the injury. 17 A.L.R. 205, 118 A.L.R. 731, 149 A.L.R. 413.

[2, 3] Right to take rise or fall in wages since date of accident into account in fixing workmen's compensation. 2 A.L.R. 1642, 92 A.L.R. 1188.

[2, 3] What is "seasonal" employment within provisions of workmen's compensation act. 93 A.L.R. 308.

3. Same—Skilled Employee—Other Work—Total Disability.

Skilled employee whose weekly earnings at other work for a time after the injury exceeded the average weekly earnings received prior to the injury and later, not because of increased physical disability but because of shortening of work week by the employer, necessitated by general business conditions, the average earnings declined to $4.60 less than the weekly earnings before injury, the award of $4.60 weekly compensation was proper, since it is the resultant of all the factors affecting plaintiff's earning capacity subsequent to the injury, *i.e.,* (1) his ability to do other work, (2) number of hours per week of such work available, and (3) hourly rates paid therefor.

Appeal from Department of Labor and Industry. Submitted January 5, 1949. (Docket No. 15, Calendar No. 44,234.) Decided April 11, 1949.

Leslie Parling presented his claim for compensation against Motor Wheel Corporation, employer. Award to plaintiff. Defendant appeals. Affirmed.

*Raymond H. Rapaport,* for plaintiff.

*Shields, Ballard, Jennings & Bishop,* for defendant.

Dethmers, J. Defendant appeals from the workmen's compensation commission's award of further compensation to plaintiff who suffers a disability resulting from a compensable accidental injury. Defendant contends that plaintiff's compensation, if he be entitled to any, must be computed under section 10 of part 2 of the workmen's compensation act,[*] as for partial disability. On his original application for compensation and on a subsequent petition to stop compensation plaintiff was determined to be

---

[*] 2 Comp. Laws 1929, § 8407 *et seq.* (3 Comp. Laws 1948, § 411.1 *et seq.* [Stat. Ann. § 17.141 *et seq.*]). Part 2, §§ 9–11 were amended by Act No. 245, Pub. Acts 1943 (3 Comp. Laws 1948, §§ 412.9–412.11 [Comp. Laws Supp. 1945, §§ 8425–8427, Stat. Ann. 1947 Cum. Supp. §§ 17.159–17.161.]).

totally disabled from performing the skilled labor in which he was engaged at the time of injury. The commission's like finding of fact, as stated in its opinion which affords the basis for the order here on appeal, is supported by competent testimony and is, therefore, conclusive (part 3, § 12, of the act[*]). Compensation must be computed, accordingly, as was done by the commission, under part 2, § 9, of the act, as for total disability.

Although totally disabled from performing the skilled labor in which he was engaged at the time of injury, at which his average weekly earnings were $60, plaintiff was able to return to "other work" at which, for a time, he averaged more than $60 per week, during which time compensation was stopped. More recently, however, his average weekly wage for such "other work" has been $55.40. Therefore, plaintiff applied for and the commission, upon review, awarded him an amount equaling the difference, *viz.,* $4.60, in accordance with section 9 and the set-off proviso clause of part 2, § 11, of the act. Plaintiff admits that the decrease in his earnings at such "other work," engaged in since his injury, from a one-time weekly average of over $60 to an average of $55.40, was not due to increased disability but to a shortening of the work week, by the employer, from 6 days to 40 hours, necessitated by general business conditions. Therefore, defendant contends that plaintiff is entitled to no compensation, placing its chief reliance on *Barnot* v. *Ford Motor Co.,* 282 Mich. 37, in which this Court said:

"This found and measured his partial disability by decreased earnings rather than by capacity to work and made defendant an insurer required to make up the difference between what plaintiff earned before

---

* 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (3 Comp. Laws 1948, § 413.12 [Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1947 Cum. Supp. § 17.186]).—REPORTER.

and after the accident. Such is not the test any more than mere inability to get work. The test to be applied is whether his injury has decreased his capacity to work as before and, therefore, he has earned less by reason of his physical disability and defendant should be made to respond for the loss occasioned by the injury.

"We find no evidence that the lesser wage plaintiff received was in any way attributable to the accident. True, he earned less but, unless the decrease in earnings was occasioned by disability caused by the accident, defendant cannot be required to make up the difference."

The *Barnot Case* involved the computation of compensation under part 2, section 10, of the act for partial disability, the extent of which, we held, could not be measured by decreased earnings but only by decreased capacity to work. In the case at bar, however, we are not concerned with the problem of determining the extent of a partial disability  We start with the proposition that plaintiff is totally disabled from performing the skilled labor in which he was engaged at the time of the injury, and that he is entitled to compensation to be computed in accord with the terms of part 2, section 9 of the act, which reads, in part, as follows:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to 66-2/3 per centum of his average weekly wages, but not more than $21."

In view of his average weekly wage of $60 at the time of injury, he would be entitled to the maximum compensation of $21 per week under section 9, were it not for the set-off thereto, measured by his present *wage earning capacity*, provided for in the proviso clause of section 11, which reads as follows:

"Provided, The compensation payable, when added to his *wage earning capacity* after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

The question presented is the meaning of the words "wage earning capacity after the injury," as used in section 11. It is defendant's position that, because plaintiff at one time after his injury earned over $60 per week at "other work" by working 6 days a week and because his physical disability has not thereafter increased, his subsequent wage-earning capacity must be deemed to be in execess of $60 per week despite his inability to earn that much after the shortening of the work week. Defendant says that "the fact that plaintiff's work was reduced from 6 days to 40 hours per week does not reflect anything in regard to his wage-earning capacity." It is obvious that defendant is urging as plaintiff's weekly wage-earning capacity, for the purposes of set-off under section 11, a figure which "reflects" and is the product of 3 factors: (1) plaintiff's ability to do "other work," (2) the number of hours per week of such work available, and (3) the hourly rates paid therefor, all as of the time when these 3 factors combined to enable plaintiff to earn over $60 per week at such "other work." Plaintiff's weekly wage-earning capacity at such "other work" having thus been fixed by these 3 factors for the period of time when he was earning over $60 per week at that work, it is apparently defendant's position that it must be deemed to remain fixed at that figure, susceptible of change only by a change of 1 of its factors, *viz.,* plaintiff's physical ability or disability, but never by change of either of the other 2 factors. The difficulty with defendant's position is obvious. Were it a known factor that plaintiff was able to do a certain kind of work 24 hours a day, 7 days a week, still,

requisite standards for determining his weekly wage-earning capacity would be lacking so long as the number of hours per week of such work available or the rates payable therefor remained unknown. Were plaintiff physically able to do a kind of work which does not exist or for which no wages are paid, what would his wage-earning capacity be? Manifestly, all 3 factors play a part in determining his earning capacity.

If defendant's theory were to be accepted and followed to its logical conclusion, an employer could avoid payment of compensation altogether to an employee totally disabled from performing the skilled labor at which he was engaged at the time of injury whenever the employer could demonstrate (1) that at some time or other there had been work of a type which the employee's present physical condition would have permitted him to do, and (2) that for such work wages had at some previous time been paid at an hourly rate such that when multiplied by the number of hours per week which the employee's present physical condition would have permitted him to do such work the resultant product would be greater than his average weekly earnings at the time of injury, despite the fact that no such work might be presently available or, if available, not in such amounts or at such hourly rates as would enable the employee to earn as much as he had been earning at the time of his injury. Such is not the law.

The award of the workmen's compensation commission is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, and CARR, JJ., concurred.

BUTZEL, J., did not sit.